**United States Bankruptcy Court**
**District of Minnesota**

**IN RE:** Case No. **11-41892**
**NELSON, MITCHEL JAMES & NELSON, SUSAN MARLENE** Chapter **13**
Debtor(s)

**MODIFIED CHAPTER 13 PLAN**
Dated: **August 2, 2011** .

**1. PAYMENTS BY DEBTOR TO TRUSTEE** –
a. As of the date of this plan, the debtor has paid the trustee $ **2,800.00** .
b. After the date of this plan, the debtor will pay the trustee $ **varies**[1] per **month** for **56** months, beginning within 30 days after the filing of this plan for a total of $ **52,592.00**. The minimum plan length is ☐ 36 or ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee: **n/a**
d. The debtor will pay the trustee a total of $ **55,392.00** [line 1(a) + line 1(b) + line 1(c)].
[1] 32 payments of $700.00 followed by 24 payments of $1,258.00

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **5,539.20** , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | TOTAL PAYMENTS |
|---|---|---|---|
| None | | | |
| TOTAL | | | 0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| None | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| NISSAN MOTOR ACCEPTANCE | 1/2 interest in 2006 Nissan Murano with 63,000 miles (other 1/2 |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| BREMER BANK | 1,004.82 | 55.82 | 4 | 18 | 1,004.82 |
| SETERUS INC | 9,887.66 | 549.31 | 4 | 18 | 9,887.66 |
| TOTAL | | | | | 10,892.48 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate.

| Creditor | Amount of Default | Int. rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | 0.00 |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Monthly Payment | Number of Payments | Payments on Account of Claim | Adequate Protection from ¶ 3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | |
| TOTAL | | | | | | | | | **0.00** |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates***. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| James P. Agosto | **2,000.00** | **500.00** | **1** | **4** | **2,000.00** |
| TOTAL | | | | | **2,000.00** |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates***.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | **0.00** |

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **36,960.32** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **266,342.37**.
c. Total estimated unsecured claims are $ **266,342.37** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any federal and state income tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $2,000 plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments.

Debtors will surrender the rental property in Ramsey County at 5336 St. Stephens St., Mounds View, MN 55112 to Bank of America Home Loans and will cooperate with a Lift/Stay if requested by Bank of America Home Loans.

Debtors will surrender the real estate in Burnett County, Wisc., to CitiMortgage and will cooperate with a Lift/Stay if requested by CitiMortgage.

Debtors surrendered the real estate in Anoka County at 10950 Robinson Dr. NW, Coon Rapids, MN 55433 to Private BanCorp in Sheriff's Sale September 2010 and will cooperate with a Lift/Stay if requested by Private BanCorp.

Chance Investments, LLC and MS Nelson, Inc. will continue corporate payments on secured debt to Wells Fargo Bank SBA Lending, Stearns Bank, CP Otsego Partners LLC, and U S Oil Co. Inc.

**14. SUMMARY OF PAYMENTS** –

| | |
|---|---|
| Trustee's Fee [Line2) | $ **5,539.20** |
| Home Mortgage Defaults [Line 6(d)] | $ **10,892.48** |
| Claims in Default [Line 8(d)] | $ **0.00** |
| Other Secured Claims [Line 8(d)] | $ **0.00** |
| Priority Claims [Line 9(f)] | $ **2,000.00** |
| Separate Classes [Line 10(c)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **36,960.32** |
| TOTAL [must equal Line 1(d)] | $ **55,392.00** |

**James P. Agosto 0000632**
**James P. Agosto**
**142 W. Broadway P.O. Box 896**
**Monticello, MN  55362-0896**
**(763) 295-4004**

Signed: */s/ SUSAN MARLENE NELSON*
DEBTOR

Signed: */s/ MITCHEL JAMES NELSON*
DEBTOR (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                             NOTICE OF MODIFIED
                                                   CHAPTER 13 PLAN
NELSON, MITCHEL JAMES                              PRE-CONFIRMATION
NELSON, SUSAN MARLENE,

                          Debtors.

Chapter 13 Case No. 11-41892

    PLEASE TAKE NOTICE of the attached Modified Chapter 13 Plan, Pre-Confirmation.

    The Hearing on Confirmation of Plan will be:

Date: September 1, 2011    Time: 10 a.m.    Location:    Courtroom 7 West (Minneapolis)
    U S BANKRUPTCY COURT
    U S COURTHOUSE
    COURTROOM 7 WEST
    300 S 4TH ST
    MINNEAPOLIS, MN 55415

Dated: August 2, 2011        /e/    James P. Agosto
    James P. Agosto, Attorney ID No. 0000632
    Attorney for Debtors
    142 W. Broadway, P.O. Box 896
    Monticello, MN 55362
    763-295-4004

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

UNSWORN CERTIFICATE OF SERVICE

In re:

NELSON, MITCHEL JAMES                                  Chapter 13 Case No. 11-41892
NELSON, SUSAN MARLENE,

                                    Debtors.

I, James P. Agosto, declare under penalty of perjury that on August 2, 2011, I forwarded copies of the attached Notice of Modified Chapter 13 Plan, Pre-confirmation and Modified Chapter 13 Plan by first class mail, postage prepaid, or electronically, to each entity and at the address stated for each entity listed below.

| | |
|---|---|
| KYLE L. CARLSON<br>CHAPTER 13 TRUSTEE<br>INFO@CARLSONCH13MN.COM | UNITED STATES TRUSTEE<br>USTPREGION12.MN.ECF@USDOJ.GOV |
| MINN. DEPT. OF REVENUE<br>BANKRUPTCY SECTION<br>MINNDEPREV.COM | INTERNAL REVENUE SERVICE<br>IRS.GOV |
| AURORA LOAN SERVICES BKCY<br>PO BOX 1706<br>SCOTTSBLUFF, NE 69363-1706 | BANK OF AMERICA HOME LOANS<br>BANKAMER2.COM |
| BREMER BANK<br>BANKRUPTCYNOTICES@BREMER.COM | CITIMORTGAGE<br>CIAC.COM |
| NISSAN MOTOR ACCEPTANCE<br>990 WEST 190TH ST<br>TORRANCE, CA 90502-1019 | DISCOVER BANK<br>DISCOVER.COM |
| CAPITAL ONE NA BKCY DEPT<br>CAPITALONE.COM | CHASE BP<br>CHASE.COM |
| KOHLS CHASE RECOVERY<br>CBSKOHLS.COM | SEARS CITIBANK SD<br>SEARS.COM |
| WELLS FARGO BANK BUSINESS DIRECT<br>WFFC.COM | FIA CARD SERVICES NA<br>1000 SAMOSET DR DE5-023-03-03<br>NEWARK, DE 19713-6000 |

| | |
|---|---|
| PRIVATE BANK MINNESOTA<br>222 S 9TH ST STE 3800<br>MINNEAPOLIS, MN 55402-3809 | BACK BOWL I LLC<br>WEINSTEIN AND RILEY PS<br>2001 WESTERN AVE STE 400<br>SEATTLE, WA 98121-3132 |
| ADVANTA BANK CORP<br>RESURGENT CAPITAL SERVICES<br>MJERRICKBANK.COM | ASSET ACCEPTANCE<br>PO BOX 2036<br>WARREN, MI 48090-2036 |
| JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>ST CLOUD, MN 56302-9617 | MITCHEL J. NELSON<br>PO BOX 550<br>ELK RIVER, MN 55330-0550 |
| U S VENTURE INC<br>425 BETTER WAY<br>APPLETON, WI 54915 | SUSAN M. NELSON<br>16488 ORCHID ST NW<br>ANDOVER, MN 55304-2455 |
| PORTFOLIO RECOVERY ASSOC LLC<br>PO BOX 1914<br>NORFOLK, VA 23541 | SETERUS INC<br>PO BOX 4128<br>BEAVERTON, OR 97076 |

Dated: August 2, 2011      /e/    James P. Agosto
James P. Agosto, Attorney ID No. 0000632
Attorney for Debtors
142 W. Broadway, P.O. Box 896
Monticello, MN 55362
763-295-4004

**United States Bankruptcy Court**
**District of Minnesota**

IN RE: Case No. **11-41892**

**NELSON, MITCHEL JAMES & NELSON, SUSAN MARLENE**   Chapter **13**
Debtor(s)

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS

☐ CHAPTER 13 PLAN

☐ SCHEDULES & STATEMENTS ACCOMPANYING VERIFIED CONVERSION

☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS

☑ MODIFIED CHAPTER 13 PLAN

☐ OTHER (Please describe) _____

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

- [**individual debtors only**] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

- I consent to my attorney electronically filing with United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

- [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: **August 2, 2011**

X _____
Signature of Debtor or Authorized Representative
**SUSAN MARLENE NELSON**
Printed Name of Debtor or Authorized Representative

X _____
Signature of Joint Debtor
**MITCHEL JAMES NELSON**
Printed Name of Joint Debtor